UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:22-cr-10-HES-JBT
                                          21 U.S.C. § 846
SHAWN ROBINSON

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From in or about mid - 2016, and continuing through in or about September 2017, in the Middle District of Florida, and elsewhere, the defendant,

SHAWN ROBINSON,

did knowingly, willfully and intentionally conspire with other persons, both known and unknown to the United States, to distribute a controlled substance, which violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

It was part of the conspiracy that the defendant would perform acts and make statements to hide and conceal and cause to be hidden and concealed

...
...

the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. § 846.

Before SHAWN ROBINSON committed the offense charged in this count, SHAWN ROBINSON had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. § 846, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

ROGER B. HANDBERG
United States Attorney

By: *Julie Hackenberry*
JULIE HACKENBERRY
Assistant United States Attorney

By: *[signature]*
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division